335 So.2d 85 (1976)
Glen Ellender O'QUAIN, Plaintiff and Appellant,
v.
ROCKWOOD INSURANCE COMPANY, Defendant and Appellee.
No. 5529.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
Rehearing Denied August 4, 1976.
*86 Quirk, Handley & La Vern, by John F. Lavern, Lake Charles, for plaintiff and appellant.
Raggio, Farrar, Cappel & Chozen by Fred L. Cappel, Lake Charles, for defendant and appellee.
Before MILLER, DOMENGEAUX and PAVY, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, Glen Ellender O'Quain, instituted this action to recover benefits, penalties and attorney's fees under the Workmen's Compensation Act against Rockwood Insurance Company, the compensation carrier of his former employer. The insurance company filed a peremptory exception of prescription which the trial judge sustained. From the judgment of dismissal plaintiff has appealed.
Plaintiff was employed by the City of Sulphur, Louisiana, and functioned in various capacities. His petition alleges that on or about December 23, 1972, he received a disabling injury while working on a city garbage truck. Plaintiff received weekly compensation benefits until February 15, 1974. This suit was filed July 24, 1975.
Defendant contends that plaintiff's action has prescribed under the provisions of LSA-R.S. 23:1209 since it was instituted more than one year after the last weekly compensation payment was made. Plaintiff maintains that he was paid wages in lieu of compensation until June 2, 1975, thus interrupting prescription.
On July 21, 1973, several months after his accident, plaintiff returned to work for the City of Sulphur and performed light duty at $2.00 per hour for the Department of Street Safety. During his term with the Department of Street Safety plaintiff received a raise to $2.15 per hour as did all other city employees. On February 24, 1974, plaintiff was transferred to the Sanitation Department where he continued to perform light duty and received standard wage increases to $2.60 per hour. His supervisor in that department, Joseph L. Hanks, testified as follows:
"Q. What type of work did he do, Mr. Hanks?
A. Well, he would take care of the grass-cutting, scraping paint, take care of the lab office, mopping floors, and seeing that it stayed sanitary.
Q. During these several months in 1974 when Mr. O'Quain was working under you in the sewer department doing what you described, was he working a full week?
A. Yes, sir, 40 hours a week.
Q. And that is a standard work week for employees in that department?
A. That is.
Q. Was he keeping busy?
A. At all times."
Plaintiff continued to work for the Sanitation Department until April of 1975, although during that period he took considerable sick leave apparently for difficulties unrelated to his injury of 1972. On April 14, 1975, plaintiff allegedly received a release from his physician certifying his ability to return to heavier labor. At that time he returned to his original job with the garbage truck department and worked for about eight weeks after which time he resigned due to inability to perform his job.
The Mayor of the City of Sulphur, Adias Sonnier, who hired plaintiff, testified as follows:
"THE COURT: Let me ask you this, Mayor. In order to keep the man, put *87 him on some kind of income-producing work, did you create a job for him, in effect?
THE WITNESS: Your Honor, I didn't create a job, because that department that he was working in men come and go, so actually heIt wasn't an extra job he was doing. I didn't hire him because I just wanted to put him on. I really needed a man in that department to do that work that he was doing. It's unfortunate that the municipality is not able to pay the salary like the big companies are paying and we have a pretty big turnover in our employment, so he just filled somebody else's shoes when I put him on.
. . . . . .
Q. Just one question, Mayor. When he was on light duty status, in your opinion, was he earning whatever you were paying him?
A. Yes. Right."
Plaintiff himself also testified that he worked a 40-hour week during his "light duty" period and that he was kept busy during that time.
The basic test for determining whether money received by an injured employee is wages in lieu of compensation is well enunciated in the case of Heymann v. Dixie Leasing Corporation, 250 So.2d 118 (La.App. 4th Cir. 1971):
"The general rule is that when the services rendered by a disabled employee following a compensable accident were not commensurate with the amount of wages paid and the employee did not actually earn all of his pay, such wages will be deemed to have been paid in lieu of compensation and will interrupt the one year prescription provided by LSA-R.S. 23:1209. The basic test is whether the wages paid subsequent to the injury were actually earned. The mere fact that the duties before and after the accident were similar or dissimilar, heavier or lighter, is relevant but not determinative of the issue. And whether the wages were actually earned is determined by the facts and circumstances of each particular case." (Citations omitted)
See also the cases of Daigle v. Liberty Mutual Insurance Company, 205 So.2d 507 (La.App. 3rd Cir. 1968), and Ledoux v. William T. Burton Company, Inc., 171 So. 2d 795 (La.App. 3rd Cir. 1965).
In view of the above quoted testimony of Mayor Sonnier and Mr. Hanks, which was corroborated by the plaintiff, we find a reasonable basis in the evidence to support the trial judge's finding that the plaintiff actually earned the wages paid to him by the City of Sulphur and that prescription was not interrupted by the payment of said wages.
For the above and foregoing reasons the judgment of the District Court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.