531 So.2d 1129 (1988)
Don HOUSTON
v.
KAISER ALUMINUM AND CHEMICAL CORPORATION.
No. 88-CA-0451.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
*1130 Harry E. Forst, New Orleans, for plaintiff-appellee.
Wayne Fontana, Mark A. Myers, Courtenay, Forstall, Grace & Hebert, New Orleans, for defendant-appellant.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
In this worker's compensation case defendant-employer appeals a judgment awarding plaintiff-employee compensation for total, permanent disability. Defendant complains that the trial judge erred by finding that an employment-related accident caused plaintiff's disability, by finding the disability to be total and permanent, and by failing to find that plaintiff's claim had prescribed. We affirm.
Defendant employed plaintiff for ten and one-half years. Plaintiff was laid off in February 1983 and began collecting unemployment compensation and supplemental compensation from defendant.
Plaintiff was, and had been, experiencing minor back and neck pain for which he sought medical and chiropractic relief. In November 1983, Dr. Cracco found herniated discs in plaintiff's neck and back, and diagnosed plaintiff as suffering from degenerative disc disease, noting that plaintiff has congenital, relative narrowing of the spinal canal. In November 1984 plaintiff sued defendant for worker's compensation, blaming his injury and disease on the cummulation of the strenuous work he performed for defendant.
After trial on the merits, the judge gave the following reasons for judgment.
Plaintiff was employed by Kaiser Aluminum and Chemical Corporation at its Chalmette Works. Prior to his hiring in May 1972, he was given a thorough pre-employment physical. Although there were no Xrays taken of his cervical spine, the Xrays of the lumbar-sacral spine, showed no disease. We can only conclude that Mr. Houston was healthy prior to hiring in May 1972.
Mr. Houston worked first as a pot operator, and was later promoted to flex machine operator. Plaintiff testified that in a typical 8 hour day, he spent about 6 hours on the flex machine with his head turned in a right angle. This position put a constant strain on his back, shoulder and neck. Plaintiff also testified that he first injured his back in 1979 while dragging an air hose, when the clamps on the hose caught in grates in the floor. According to Mr. Houston, he continued to experience soreness in his neck and shoulder and back pain throughout his employment, but he continued to work in pain.
Kaiser's witness, Mr. Camille Zenon corroborated Mr. Houston's testimony. According to Mr. Zenon, in order to operate the flex machine, the worker must sit with his head turned at a 45 degree angle for the 8 hour shift.
Mr. Zenon also admitted on cross-examination that dragging the air hose from one connection to the next was physically demanding. The air hose, with approximately 100 pounds of pressure, was positioned over his shoulder by the worker, then dragged a distance of 63 to 126 feet to reconnect it.
In November, 1983, Mr. Houston was hospitalized at Pendleton Memorial Hospital where Dr. Alain Cracco performed a myelogram. The myelogram showed cervical and lumbar disc disease, with a complete rupture at the C5-6 level, and a partial rupture at L4-5.
Mr. Houston gave a history of neck and leg pain since 1979. The conservative treatments (analgesics, cervical traction *1131 and muscle relaxants) had not been successful, but the patient rejected surgery because of his financial status.
Dr. Bruce E. Razza, the orthopaedic surgeon who treated Mr. Houston in connection with his hospitalization, opined that Mr. Houston was extremely young to have so much degenerative change. He discounted the disc disease as part of the normal degenerative process, since the advanced stages would not be present in a worker of plaintiff's age. According to Dr. Razza, Mr. Houston can do no repetitive bending, stooping or lifting. He described Mr. Houston's situation as a ticking "time bomb" since the stresses of daily living could further strain the already diseased segment, resulting in paralysis from the neck down.
Plaintiff's medical records from Kaiser show the following complaints/injuries:
4/20/73 plaintiff complained of "burning sensation" in right posterior back region (2-3 weeks)plaintiff was sure complaints were work connected
5/03/73 still complaints of "burning sensation"
5/07/73 diagnosismuscle strain
5/26/73 requested "light duty" back problem
5/28/73 complaint"burning sensation"
7/30/73 complaint: painmiddle to right scapula
9/13/74 weakness in anterior chest (2-3 days)
1/21/74 chest pain
9/29/78 complaint: pain right/middle lateral back
7/27/80 sorenessanterior lower mid-line of chest, slightly to right side soreness started while pulling on air hose
soreness comes in chest only when he pulls on air hose, turns his upper body or uses his arms
push-pull motion causes soreness. Subject might have strained himself while pulling on the air hose
1/23/81 back started hurting (last night) on swing shiftpossible strain/sprain back (right side) paid
The record is replete with recurrent strains. The Court is of the opinion that these repetitive strains constitute an "accident" within the meaning of the Louisiana Worker's Compensation statute.
The current jurisprudential definition of "accident" includes situations such as this where the conditions of employment produce continual stress or microtrauma, or exposure, and events combine to aggravate a pre-existing condition, or to disable the employee even though each individual event is not disabling, and may in fact be minor in nature. McCoy v. Kroger Company, 431 So.2d 824 (La. App. 2d Cir.1983).
The worker's compensation statutes provide protection for injury where an unusual strain of physical effort at work causes a giving way of affected parts of the body, even though the disability was not immediately evident. The word "accident" would include both violent trauma, and giving way of affected parts of the body as a result of continual strain. Our courts have held that placing the head and neck in an awkward position in order to perform work can predispose the worker to cervical disc disease. Malloy v. AT & T Consumer Products 475 So.2d 80 (La.App. 2 Cir.1985).
Mr. Houston has worked sparodically, despite his disability. He should not be disqualified for benefits because economic necessity forced him to work in pain. It is clear from the record that Mr. Houston has never been able to pass a pre-employment physical since his employment with Kaiser.
Defendant questions first whether the evidence supports the finding of an "accident" as that term applies in worker's compensation cases. Defendant argues that the physical strenuousness of plaintiff's job was minor and that no particular incident occurred which can be cited as the "accident" which caused plaintiff's problems, his problems most likely resulting from his congenital condition. Our Supreme Court has held, however, that extraordinary physical stress and strain is not essential to the definition of disabling accident: *1132 when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. Parks v. Insurance Company of North America, 340 So.2d 276 (La.1976); Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972); Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1968). See also McCoy v. Kroger Co., 431 So.2d 824 (La.App. 2d Cir. 1983); Ferrand v. Kaiser Aluminum and Chemical, 398 So.2d 37 (La.App. 4th Cir. 1981); and Gales v. Great Atlantic and Pacific Tea Co., 342 So.2d 241 (La.App. 4th Cir.1977). Further, if a worker is afflicted with a pre-existing condition which in its ordinary course may have produced disability, he is nevertheless entitled to worker's compensation if a work related "accident" bring about disabling consequences. Malloy v. AT & T Consumer Products, 475 So.2d 80 (La.App. 2d Cir.1985); see Allor v. Belden Corporation, 393 So.2d 1233 (La. 1981); Green v. New Orleans Public Service, Inc., 413 So.2d 257 (La.App. 4th Cir. 1982).
The trial judge found that plaintiff was healthy when first employed by defendant, and that after ten and one-half years in defendant's employ plaintiff suffered disabling consequences from the physical stress and strain of his usual and customary duties for defendant. Our state's jurisprudence interpreting our statutory scheme for worker's compensation, specifically the definition of "accident," supports the trial judge's finding of an accident. Whether there is a causal relationship between a claimant's disability and his employment is a question of fact. The factual findings of the trial court on whether a disability is related to a work related accident are entitled to great weight on appellate review. Martin v. H.B. Zachry Company, 424 So.2d 1002 (La.1982).
The record supports the trial judge's conclusion that plaintiff's disabling condition is causally related to his employment with defendant. Defendant's argument that plaintiff had minor discomfort worsened by chiropractic treatment is not supported by the record. We, therefore, will not disturb the trial judge's conclusion that a work-related accident caused plaintiff's disability.
Defendant next complains of the finding of total and permanent disability. Defendant's entire argument on this issue relies upon the statutes and interpreting jurisprudence after the 1983 amendments, the effective date of which was July 1, 1983. Plaintiff's work-related accident occurred prior to his February 1983 lay off, although the nature of the injury was not diagnosed until November 1983 and suit was not filed until November 1984. Because plaintiff's work-related accident occurred prior to the effective date of the 1983 amendments, the applicable law is the law prior to those amendments, and defendant's argument on this issue is inapplicable.
Although plaintiff has worked since leaving defendant's employ, the work has been intermittent and he has worked in pain. He has discovered that he is unemployable if he reveals his injured condition to prospective employers. When concealing his condition, the jobs he has held violate the restrictions placed upon him by his doctors. Although the doctors say that he can work within those restrictions, they also caution that the wear and tear of daily activity may worsen plaintiff's condition, and they note a real threat of paralysis. Appellant has not shown, and we do not find error in the trial judge's finding that plaintiff is totally and permanently disabled as that category applied prior to the 1983 amendments. See Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980).
As to the issue of prescription, La. R.S. 23:1209 provides the rule. Although this statute was also affected by the 1983 amendments and was amended again in 1985, the substance of the rule as it affects this case remains: for an injury which does not develop at the time of or immediately after the accident, claim for benefits must be made within one year from the time the injury develops, but in no case more than two years from the time of the accident.
*1133 Plaintiff's injury cannot be held to have developed until he became aware of the nature of his injury in November 1983. Suit was filed within one year of that date. The "accident" has been found to have been the stresses and strains of plaintiff's usual and customary duties for defendant. Thus, the "accident" occurred, and reoccurred, on each day of plaintiff's employment, which ended in February 1983. Suit was filed within two years of that date. Plaintiff's claim has not prescribed.
For the reasons assigned, we affirm the judgment of the district court.
AFFIRMED.