GUIDRY, Judge.
Joseph Tommy Deville, who allegedly sustained a work-related knee injury, instituted this worker’s compensation suit against his former employer, the State of Louisiana, T.H. Harris Vocational Technical School. The trial court sustained defendant’s peremptory exception of prescription and dismissed plaintiff’s suit. Plaintiff appeals.
FACTS
Joseph Tommy Deville (Tommy) is a 36 year old janitor with a seventh grade education. Due to a congenital anomaly, Tommy’s left leg was amputated below the knee at age 3. The T.H. Harris Vo-Tech School employed Tommy from 1972 until December 31, 1986, when he resigned due to his alleged inability to continue his job duties.
The parties stipulated that on November 30, 1982 and again on August 2, 1985, Tommy fell at work dislocating his left knee. Tommy filed accident reports with the school but allegedly continued to work albeit in pain. On December 3, 1983, Tommy fractured his stump bone in a non-work fall. On November 21, 1985, Dr. William Meuleman surgically revised Tommy’s stump. Tommy intermittently missed work because of his knee injury and problems with his prosthesis.
In 1986, Tommy still experienced knee pain along with swelling and bleeding of his stump. On recommendation of his family physician, Dr. John Tassin, he resigned his position with the school. Thereafter, he applied for and received disability retirement benefits of $232.00 per month.
*562 On March 6, 1987, Tommy instituted a worker’s compensation claim in connection with his August 2, 1985 knee injury. On April 6, 1987, the Office of Worker’s Compensation denied the claim as prescribed. Tommy rejected the OWC’s recommendation and on April 30, 1987, filed this suit. On September 10, 1987, defendant filed a peremptory exception of prescription which the trial court initially denied. Thereafter, the trial judge heard the merits of the case on February 10, 1988 and July 26, 1988. At the conclusion of trial, defendant reurged the exception of prescription. On October 19, 1989, the trial court rendered judgment in favor of defendant sustaining defendant’s exception and dismissing plaintiff’s suit. He appealed.
On appeal plaintiff urges that the trial court erred in finding that the wages paid to him subsequent to August 2, 1985 were not in lieu of compensation, thus interrupting prescription. Alternatively, appellant urges that the trial court erred in failing to follow the holdings in McCoy v. Kroger Co., 431 So.2d 824, 829 (La.App. 2d Cir.1983), and Houston v. Kaiser Aluminum & Chemical, 531 So.2d 1129, 1133 (La.App. 4th Cir.1988). In McCoy and Houston, our appellate brethren concluded that an accident occurs within the meaning of the compensation act where the conditions of employment provide continual strain or trauma which combines cumulatively to aggravate a pre-existing condition so as to disable the employee, the critical date when the accident occurs being the point in time when the employee can no longer work although the employee suffers no sudden “collapse”.
WAGES IN LIEU OF COMPENSATION
In claims for worker’s compensation, La. R.S. 23:1209 provides a limitation of one year for an injury which develops at the time of or immediately following an accident or, if the injury does not develop immediately, one year from the time the injury develops, but in the latter event, the claim will be barred unless proceedings are commenced within two years from the accident date.
The record makes clear that plaintiff’s knee injury developed at the time of or immediately following the August 2, 1985 accident. Plaintiff claims he was paid wages in lieu of compensation until December 31, 1986, thus interrupting the one year prescriptive period. The basic test in such cases is whether the wages paid subsequent to the injury were actually earned. O’Quain v. Rockwood Ins. Co., 335 So.2d 85, 87 (La.App. 3rd Cir.1976).
The strenuous degree of plaintiff’s duties before and after the accident is not determinative of this issue. Whether the wages were actually earned is determined by the facts and circumstances of each case. Id.
Tommy testified that his knee injury affected his ability to perform his customary duties of climbing stairs, buffing floors and hauling trash. However, he continued to work for defendant, although he took sick leave for surgery unrelated to his knee injury. When Tommy returned to work, he performed light clerical and custodial duties. He stated that he worked regular hours sweeping, mopping, hauling trash and answering the phone while periodically resting his leg. His supervisor testified that his work was comparable to that of the other janitors. Paula Lejeune, defendant’s fiscal officer, testified that Tommy took leave without pay when he no longer had sick or annual leave. Both Ceasar Veazie, director, and Cyrus Auzenne, maintenance foreman, testified that no agreement was ever made to pay Tommy wages in lieu of compensation.
Suffice it to say that there is abundant evidence in the record which supports the trial court’s ruling that Tommy actually earned his wages and that prescription was not interrupted.
McCOY AND HOUSTON
Alternatively, plaintiff argues that the trial court erred in failing to apply the legal principles espoused in McCoy and Houston, supra. The record does not make clear whether this argument was presented to the trial court. Nevertheless, we have considered his contention and, finding no evi-dentiary support therefor, we reject same without any need to express agreement or disagreement with the principles espoused in McCoy and Houston.
*563 In McCoy and Houston the plaintiffs had serious congenital problems which were gradually worsened by continual strain and minor unnoticeable trauma which ultimately resulted in deterioration of the congenital condition until a point in time when they could no longer work. In the cited cases, our appellate brethren essentially determined that the “accident” occurred when the plaintiffs were no longer able to work. The instant ease presents an exact opposite factual scenario. In this case the record reflects that, in spite of his congenital anomaly, plaintiff was able to perform his duties at T.H. Harris without difficulty until he injured his left knee on November 30, 1982 and again on August 2, 1985. After these accidents, which were immediately disabling, plaintiffs condition continued to deteriorate. Under these circumstances, we conclude that the accidents which caused the disability of which plaintiff now complains occurred more than one year pri- or to the institution of these proceedings. Therefore, the holdings in McCoy and Houston are inapposite. Accordingly, the trial court did not err in finding that plaintiff’s cause of action is prescribed under the provisions of La.R.S. 23:1209.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.