SCHOTT, Chief Judge.
Plaintiff’s claim for worker’s compensation benefits was dismissed on an exception of prescription. The first issue is whether full pre-injury wages paid to him for light duty constituted “wages in lieu of compensation” which tolled the running of prescription. The other issue is whether the filing of a claim for compensation benefits with the Office of Worker’s Compensation (Office) interrupted prescription of a claim for penalties for retaliatory discharge under the Worker’s Compensation Law.
Plaintiff was employed by defendant as a streetcar operator. On October 15, 1985, he was injured on the job and was paid compensation benefits for temporary total disability until February 5, 1987. At this point defendant put him on light duty performing clerical work, but defendant paid him the salary of a streetcar operator which was substantially higher than the normal pay for the clerical work he was doing. Plaintiff testified that he frequently worked short hours during this period. Defendant’s representative described plaintiff’s situation as “modified light duty.” On March 8, 1988, plaintiff’s employment was terminated. On January 25, 1989, he filed a claim with the Office and on March 7, 1989, the Office issued its certificate pursuant to R.S. 23:1311 informing the parties that its recommendation was rejected by plaintiff on March 3 and advising that a suit had to be filed in court within sixty days thereafter. Plaintiff filed the present suit on March 30, 1989.
Plaintiff is claiming benefits for temporary total disability and penalties for retaliatory discharge under R.S. 23:1361. He also made a claim for Supplemental Earning Benefits which was awarded by the *1129 trial court and is not involved in this appeal. The trial court otherwise dismissed plaintiffs petition sustaining defendant’s exception of prescription.
The question is whether the wages plaintiff earned until his termination on March 8, 1988 constituted wages paid in lieu of compensation so as to toll the running of prescription. If he actually earned the wages, they are not compensation and do not interrupt prescription. In making that determination the similarity between and the degree of difficulty involved in the services performed before and after the accident are relevant, though not conclusive. Carter v. Belle Chasse School, 451 So.2d 63 (La.App. 4th Cir.1984), writ denied, 458 So.2d 120 (La.1984). In Cheatham v. Morrison, Inc., 469 So.2d 1219 (La.App. 1st Cir.1985), the court held that when services rendered by a disabled employee after an accident are not commensurate with wages paid and the employee does not actually earn all his pay the wages are generally regarded as wages in lieu of compensation.
In the present case all of plaintiff’s wages while on light duty were not actually earned because he was paid substantially more than the work warranted and was paid for much of the time he was not actually on the job. His position as a clerical employee was dissimilar from his previous position as a streetcar employee and was considerably less difficult. Consequently, the wages he received until March 8, 1988 interrupted prescription. Since he filed his claim with the Office in January 1989 and filed suit within sixty days of the issuance of the certificate by the Office, his claim for temporary total disability benefits was not prescribed and the trial court erred in sustaining defendant’s exception as to this claim.
However, as to his claim for penalties under R.S. 23:1361 a different result obtains. In an abbreviated Per Curiam in Fontenot v. Lejeune, 534 So.2d 429 (La.1988), the Supreme Court held that such a claim for “damages” does not fall within the prohibition of C.C.P. art. 1732 against a jury trial in a worker’s compensation proceeding. Since this type of a claim, though provided by the Worker’s Compensation Law, is not a worker’s compensation claim for purposes of a jury trial, it would be inconsistent to hold that prescription on such a claim can be interrupted by the filing of a claim with the Office. The Fon-tenot case compels the conclusion that prescription of a claim for penalties for retaliatory discharge may be interrupted only by the filing of a suit in a court of competent jurisdiction in accordance with C.C. art. 3462. See also Vallier v. Oilfield Construction Company, 483 So.2d 212 (La.App. 3rd Cir.1986), writ denied 486 So.2d 734 (La.1986). Since plaintiff filed his suit over a year after he was terminated, the trial court correctly sustained the exception of prescription as to plaintiff’s claim for penalties under R.S. 23:1361.
Accordingly, that part of the judgment sustaining the exception of prescription as to plaintiff’s claim for temporary total disability benefits is reversed and set aside and in this respect defendant’s exception is overruled. In all other respects the judgment appealed from is affirmed. All costs of this appeal are taxed against defendant. The case is remanded to the trial court for further proceedings.
REVERSED IN PART AND REMANDED.