613 So.2d 795 (1993)
Eugene J. KELLER
v.
MARATHON OIL COMPANY.
No. 92-CA-827.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1993.
Robert R. Faucheux, Jr., Laplace, for plaintiff/appellant.
Michael S. Weinberg, Laplace, for defendant/appellee.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
In this worker's compensation case, the injured worker suspensively appeals a judgment granting a peremptory exception of prescription as to his claim for weekly indemnity benefits. We are asked to determine whether the ruling was correct.
Eugene J. Keller, an industrial operator with Marathon Oil Company, injured his back on April 1, 1987 and was released to return to work on December 5, 1989. He allegedly reinjured his back on December 12, 1989. The record contains claims for benefits in connection with both incidents, filed with the Office of Workers' Compensation Administration ("OWC") in January, *796 1990. The defendant employer filed an exception of prescription in regard to the compensation claim for the April 1, 1987 injury only. Keller's claims for the December 12, 1989 incident and his medical claim for the April 1, 1987 incident remain pending. Consequently, only the exception as to compensation benefits for the earlier injury is before this court.
Keller reported a back injury to the employer on May 12, 1987 and filed a compensation claim on January 8, 1988. He withdrew the claim by letter dated January 15, 1988, stating, "This is to advise you that at this time there is no dispute, due to the fact I am being compensated for my injury." On January 11, 1990, he refiled his claim with the OWC seeking supplemental employee benefits (SEB). Marathon answered, denying Keller's request and stating:
... Marathon Petroleum Company has paid no workers' compensation disability benefits to Mr. Keller relative to an April 1, 1987, injury; therefore, his claim for workers' compensation clearly exceeds the statutory time period during which he must make such a claim.
We note at the outset that only the attorneys appeared at the trial of the exception.
At the time of Keller's injury LSA-R.S. 23:1209, (A) Prescription, read as follows:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Keller's 1990 claim was filed nearly three years after the injury. Where the claim has prescribed on its face, the employee has the burden of proving prescription was interrupted or that a longer prescriptive period was applicable. Tudury v. Shoney's Inc., 603 So.2d 228 (La.App. 4 Cir. 1992).
Keller asserts that because the employer paid him benefits (apparently sick leave), he was lulled into a false sense of security by the employer. As there was no dispute and he was being paid, he withdrew his January, 1988 compensation claim. He refiled the claim in January, 1990 only because Marathon stopped paying him; up to that time, he asserts, the claim was in force.
In order to prove that his tardiness in filing a claim was due to his being lulled into a false sense of security, a worker's compensation claimant must show that words, actions, or inactions on the part of the employer caused his forbearance. Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2d Cir.1991).
Marathon argues that Keller could not have believed that he would continue to be paid, when he had received no payments from Marathon between November 24, 1987, when his sick leave benefits expired, and January 15, 1988, when he withdrew his compensation claim. Marathon's long term disability benefits were not granted until July 15, 1988, although the benefits were retroactive to January 10, 1988.
We note that in the trial of the exception Keller's attorney admitted his client chose company benefits rather than worker's compensation benefits:
You get greater benefits if you are on sick leave, and by him taking the sick *797 leave for the injuries he has sustained in the course and scope of his employment, he got compensated more than he would have got for his workmen's comp benefits. So he selected to take the long-term disability for the period of time when he could not work and he was under the care of the doctor.
We find no support in the record for the employee's having been misled into a false sense of security by the company's acts and thus withdrawing his worker's compensation claim.
Keller's second argument is that his claim for SEB payments fell within the three year period from the last payment of any benefits. It is unclear what classification of benefits he refers to. LSA-R.S. 23:1209 provides that a formal claim for SEB payments under LSA-R.S. 23:1221(3) must be made within three years of the last benefit payment made under § 1221(1), temporary total disability, § 1221(2), permanent total disability, § 1221(3), supplemental earnings benefits, or § 1221(4), permanent partial disability. The plaintiff does not allege that he received any weekly payments under the statute, and Marathon denies having made any payments other than medicals. Its attorney submitted the affidavit of the manager of the department of human resources at the Marathon refinery, attesting that all worker's compensation payments made to or on behalf of Keller were medical payments; furthermore, no payments for indemnity benefits under LSA-R.S. 23:1221 had been made. Medical payments and sick leave benefits do not interrupt prescription. Fontenot v. South Central Bell Telephone Co., 422 So.2d 695 (La.App. 3 Cir.1982). Furthermore, continued wage payments do not interrupt prescription unless they are specifically made in lieu of worker's compensation payments. Warren v. H & W Steel Erectors, Inc., 569 So.2d 178 (La.App. 1 Cir. 1990). No evidence in this regard was offered.
For the reasons assigned above, we find that the plaintiff failed to meet its burden of proof that the claim in question had not prescribed and affirm the judgment below.
AFFIRMED.