BARRY, Judge,
concurs with reasons.
The majority does not specify whether the determinative December 5,1990 date is when the injury developed or the date of the “accident” under LSA-R.S. 23:1209(A) [“... the limitation shall not take effect until expiration of one year from the time the injury develops, but in all cases ... within two years from the date of the accident”]. However, for the following reasons, I do not think this determination is necessary.
In Houston v. Kaiser Aluminum & Chemical Corp., 531 So.2d 1129 (La.App. 4th Cir.1988), suit was filed in November 1984. The court determined that the plaintiffs progressive injury developed when he became aware of the nature of his injury (November, 1983) and the accident (stresses and strains of work) occurred on each day of his employment, which ended when he was laid off on a specified date (February, 1983). Because suit was filed within one year of the date the injury developed and two years from the date of the accident, it had not prescribed.
This distinction was not made in the Cheat-ham case cited by the majority or in the Fourth Circuit case of Melancon v. Hartford Insurance Co., 545 So.2d 557 (La.App. 4th Cir.1989), writ not considered, 548 So.2d 1221 (La.1989). In both Cheatham and Melancon, a specific incident triggered the development of plaintiffs injury. Thus, the courts did not focus on the date of the accident, but rather, on the date the injury developed. Melancon notes a line of jurisprudence which defined development of an injury as the development of disability. In turn, disability “marks the time from which it is clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner.” Id. at 559.
*401 The majority opinion is consistent with Melancon and Cheatham if the December 5, 1990 date is considered when plaintiffs injury developed. Though the analysis would be slightly different under Houston, the result would be the same in this case. As noted by the majority, plaintiff became aware of the carpal tunnel diagnosis on February 25,1991 (under Houston, the date her injury developed), and the normal strains of her employment constituted the “accident”, which (under Houston) occurred each day until her employment ended on December 5, 1990. Because suit was filed within one year from the earlier of these dates in any case, I do not think this Court needs to specify whether the December 5, 1990 date signifies the date the injury developed or the date of the “accident.”
Moreover, the Court might not want to use this case to apply the definition of “accident” under LSA-R.S. 23:1021(1) as amended by Acts 1989, No. 454, § 1 (eff. January 1,1990). “Accident” is defined as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” [Emphasis added.]
For these reasons, I concur.