645 So.2d 661 (1994)
Robert G. KRIEG, Plaintiff-Appellant,
v.
KRIEG BROTHERS TERRAZZO CO., INC., et al., Defendants-Appellees.
No. 93-1065.
Court of Appeal of Louisiana, Third Circuit.
September 28, 1994.
Rehearing Denied December 14, 1994.
*662 Kenneth Neal Hawkins, Lafayette, for Robert Kreig.
Robert James May, Metairie, for Kreig Bros. Terrazzo Co., Inc.
Before KNOLL, COOKS and WOODARD, JJ.
WOODARD, Judge.
This is an appeal from a judgment dismissing plaintiff's claim for workers' compensation benefits on a peremptory exception of prescription.

*663 FACTS
Prior to his accident, plaintiff, Robert Krieg, was employed as a terrazzo helper by defendants, Krieg Brothers Terrazzo Co., Inc. Plaintiff worked as both a finisher (lighter work) and an installer (heavier work), but he was paid the same wage of $8.90 per hour whether he worked as a finisher or an installer. Defendants routinely paid plaintiff full wages, even for days on which he did not work.
Plaintiff injured his back on August 1, 1988 while lifting a 100-pound sack of crushed marble. After his accident, plaintiff continued to work as a terrazzo helper for 2 years and 10 months after his injury, performing both the lighter finishing duties and "at times" the heavier installation work, and defendants continued to pay him even when he did not work. The president and office manager of defendant Krieg Brothers state in their affidavits that plaintiff continued to perform the same duties for the same wage as before his injury.
A chiropractor examined plaintiff on August 3, 1988 and diagnosed him with lumbosacral sprain, lumbar sublaxation, lumbar intervertebral disc syndrome, and lumbar radicular neuralgia. Plaintiff received conservative treatment for his injury until a CT scan revealed a right lateral disc herniation at L5-S1. Plaintiff's condition worsened, and Dr. Bertuccini performed a micro-disectomy on him at the L5-S1 level on June 17, 1991.
Plaintiff filed a worker's compensation claim against defendants on September 25, 1991, approximately 3 years after his injury, alleging that defendants had failed to pay the compensation benefits and medical expenses due him. He also alleged that they had failed to furnish either proper medical attention or the reports he had requested of the physicians who had examined him on the defendants' behalf.
Defendants filed a peremptory exception of prescription and moved for summary judgment. The hearing officer sustained the exception and granted the motion for summary judgment on June 21, 1993. Plaintiff appeals and assigns as error (1) the administrative hearing officer's finding that the affidavits submitted by the defendants were sufficient to support their Motion for Summary Judgment, (2) the denial of plaintiff's Motion to Compel, (3) the failure to impose sanctions upon the defendants, (4) the grant of the defendants' Motion for Summary Judgment, and (5) the holding that plaintiff's claim had prescribed.

LAW
We consider plaintiff's assignments of error only concerning prescription and sanctions, because our holding as to prescription is dispositive of plaintiff's claim.

I. THIRD ASSIGNMENT OF ERROR: SANCTIONS
Plaintiff assigns as error the failure of the hearing officer to impose sanctions upon the defendants for not complying with the her judgments on plaintiff's motions to compel. The hearing officer found, however, that the defendants had provided plaintiff with all records and information in their possession. Thus, the defendants did not disobey a court order, and there was therefore no basis for imposing sanctions. Moreover, the imposition of sanctions for failure to comply with a discovery order is discretionary on the part of the court. Castille v. Melancon, 410 So.2d 1224, 1228 La.App. 3d Cir.1982). There is no indication that the hearing officer abused this discretion, and therefore her decision not to sanction the defendants may not be disturbed on appeal.

II. FIFTH ASSIGNMENT OF ERROR: PRESCRIPTION
An employee has one year to file a workers' compensation claim for an injury that develops at the time of or immediately following an accident. La.R.S. 23:1209(A). The claimant has two years to file, however, if the injury does not develop within one year after an accident. Id. The purpose of this prescriptive period is to protect employers from the burdensome litigation of stale claims. Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385, 387 (1972). The time period established by section 1209(A) is prescriptive, rather than peremptive. Lester v. Rebel Crane & Servs. Co., 393 So.2d 674 (La.1981).
*664 Plaintiff's injury manifested itself immediately after the accident, and therefore he had one year to file his claim. As with any prescriptive period, however, prescription on workers' compensation claims may be interrupted or suspended. La.C.C. arts. 3462-72; Latino v. Binswanger Glass Co., 532 So.2d 960 (La.App. 5th Cir.1988).
The payment of wages in lieu of compensation interrupts prescription for workers' compensation claims, because such payments lull workers into not filing their claims within the prescriptive period. Thornton v. E.I. Du Pont de Nemours & Co., 207 La. 239, 21 So.2d 46, 52 (1944). Thus, if an employer pays an employee wages in lieu of compensation, the prescriptive period is interrupted and begins anew only upon the last payment. Dupaquier, 257 So.2d at 387.
Wages in lieu of compensation are defined as unearned wages paid to an employee after an injury. Deville v. T.H. Harris Vo-Tech School, 580 So.2d 561 (La.App. 3d Cir.1991). Thus, if the employee actually earned wages paid to him, they are not wages in lieu of compensation and do not interrupt prescription. Maquar v. Transit Mgt. of Southeast La., 580 So.2d 1128, 1129 (La.App. 4th Cir.1991). Whether wages were earned is determined by the facts and circumstances of each case. Id. The similarity between and the degree of difficulty involved in the services performed before and after the accident are relevant, though not conclusive. Id.
Plaintiff argues first that he received wages in lieu of compensation because he received the same wage before as after his injury, although his duties were lighter after he was injured. He received the same wage prior to his injury, however, regardless of the duties that he performed, and he continued to perform work for defendants as a finisher. "At times" he even performed the heavy work of an installer. Plaintiff therefore earned the wages given to him by defendants after his injury, and they are not wages in lieu of compensation.
Plaintiff also argues that defendants paid him wages in lieu of compensation on the ground that he was paid the same wage even for days when he was absent or performed no labor. Defendants routinely did so even prior to the accident, however. Thus, it is clear that this practice was not intended to prevent plaintiff from filing a worker's compensation claim within the prescriptive period, and the wages so paid are not wages in lieu of compensation.
Finding that prescription on plaintiff's worker's compensation claim was not interrupted, we hold that the prescriptive period for that claim expired on August 1, 1989. Plaintiff's claim, filed in on September 25, 1991, was therefore not timely, and defendants' exception of prescription was properly sustained by the hearing officer.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the administrative hearing officer dismissing plaintiff's claim on the ground that it has prescribed. Costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
COOKS, Judge, dissenting.
The majority concluded Robert's claim for worker's compensation benefits prescribed and further affirmed the denial of his fourth motion to compel. For the following reasons, I dissent.

FACTS
Robert Krieg was employed by Krieg Brothers Terrazzo Company, Inc. (Krieg Brothers). On August 1, 1988, Robert was lifting a bag of crushed marble when he felt pain in his lower back. Robert was examined by Damon Savoy, a chiropractor, on August 3, 1988. Savoy diagnosed Robert's condition as lumbar radicular neuralgia, lumbar intervertebral disc syndrome and lumbar subluxation. He was conservatively treated until a CT scan, performed on him, revealed a right lateral disc herniation at L5-S1. He was referred to Dr. Thomas Bertuccini, a neurosurgeon, who continued to treat him conservatively. Robert underwent a microdisectomy at L5-S1 on June 17, 1991 after his condition worsened and failed to respond *665 to conservative treatment. He discontinued working for Krieg Brothers in June 1991.
Krieg Brothers paid Robert's work related medical expenses. However, he was not paid disability benefits. Robert filed this claim for compensation benefits on September 25, 1991, approximately three years after his work related accident. Krieg Brothers filed an exception of prescription. The exception was sustained by the hearing officer without reasons.[1]
The hearing officer also denied Robert's fourth motion to compel in this judgment. However, the motion to compel had been sustained in a prior judgment. Robert contends the trial court erred in denying the motion after previously sustaining it.

PRESCRIPTION
LSA-R.S. 23:1209(A) provides three different time limitations on worker's compensation claims. Under the facts of this case, Robert had one year from the date of his accident to file a claim for disability benefits.
Robert was involved in a work accident on August 1, 1988. Immediately thereafter, he experienced back pain. Robert's injury was conservatively treated until he underwent surgery in June 1991. He filed a benefits claim on September 25, 1991, more than a year after the accident. Robert contends his claim for disability benefits has not prescribed because he received wages in lieu of compensation.
The time period established by LSA-R.S. 23:1209(A) to file a worker's compensation claim is prescriptive rather than peremptive. Lester v. Rebel Crane & Service Co., 393 So.2d 674 (La.1981); Davis v. United General Ins. Co., 93-738 (La.App. 3d Cir.1994), 631 So.2d 572. Therefore, it may be interrupted or suspended. LSA-C.C. Arts. 3462-72; Latino v. Binswanger Glass Co., 532 So.2d 960 (La.App. 5th Cir.1988). Prescription is interrupted by the filing of suit or the acknowledgment of the right of the person against whom prescription has commenced. LSA-C.C. Arts. 3462, 3464; Davis, supra. When interruption occurs, the time that has previously run is not counted and prescription commences to run anew from the last day of interruption. LSA-C.C. Art. 3466.
The payment of wages in lieu of compensation interrupts prescription. Lester, supra; Davis, supra, The test to determine if wages were paid in lieu of compensation is whether the wages were earned by the employee. Reeves v. Reeves Dirt Pit, 606 So.2d 881 (La.App. 2d Cir.1992). If wages were paid in lieu of compensation, the one-year prescriptive period for filing a disability benefits claim begins to run from the last payment. Lester, supra: Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (La.1972).
Krieg Brothers argues it was unreasonable for Robert to believe the wages he received after the accident were in lieu of compensation because he was paid full wages before his accident whether or not he worked, regardless of the reason. This argument is not persuasive. Even assuming Krieg Brothers had a policy of paying Robert whether or not he worked, it had the effect of delaying Robert from filing a claim for worker's compensation benefits. He suffered a work related injury that entitled him to worker's compensation benefits. Krieg Brothers did not challenge Robert's eligibility to receive disability benefits; and they also paid medical expenses associated with his work related injury. Under these circumstances, it was not unreasonable for Robert to believe he was receiving wages in lieu of compensation.
The record shows, after the accident, Krieg Brothers paid Robert full-time wages although he missed several days of work not documented as sick leave or vacation time. On the days he worked, the duties Robert performed after the accident were lighter than those performed prior to it. Robert was paid full wages through the middle of August 1991 even though he had back surgery in June 1991 and he was disabled for an extended period thereafter. The evidence, as a whole, shows Robert received unearned *666 wages in lieu of compensation, which interrupted prescription. Therefore, Robert's claim filed in September 1991 was timely.

MOTION TO COMPEL
The majority affirms the judgment dated June 21, 1993, which denied Robert's fourth motion to compel, even though the motion had been sustained in a judgment dated December 28, 1992. This conclusion is erroneous for two reasons.
First, during the hearing on the fourth motion to compel, the hearing officer clearly sustained the motion and enunciated her reasons for awarding attorney fees. She mentioned the difficulty Robert experienced in obtaining the information he requested throughout the litigation, and Krieg Brothers' failure to provide a timely response to the court order issued in response to Robert's third motion to compel.
Second, and more importantly, LSA-C.C.P. Art. 1951 limits a trial judge's ability to amend judgments to the following conditions:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
Thus, the trial judge does not have the authority to substantively amend a judgment. Webster v. Boh Bros. Const. Co., Inc., 603 So.2d 761 (La.App. 4th Cir.1992).
On December 28, 1992, the hearing officer rendered a favorable judgment on Robert's fourth motion to compel and awarded him attorney fees. On June 21, 1993, in the judgment sustaining Krieg Brothers' exception of prescription, the hearing officer also denied Robert's fourth motion to compel which she granted earlier. The latter ruling constituted an improper substantive amendment to the December 28, 1992 judgment. The ruling presents a patent record error compelling reversal.
I respectfully dissent for the reasons expressed.
NOTES
[1] Krieg Brothers' petition was styled "Peremptory Exception of Prescription and Motion for Summary Judgment." Although the hearing officer used the same language in the judgment, Krieg Brothers' petition was sustained only on the exception of prescription judgment.