806 So.2d 724 (2001)
Marco SPERANDEO, Jr.
v.
SYDRAN FOOD SERVICES, II, L.P.
No. 01-CA-675.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 2001.
*725 Michael J. Maginnis, Jose R. Cot, Maginnis & Hurley, New Orleans, LA, Attorneys for Plaintiff/Appellant.
Joseph B. Guilbeau, Metairie, LA, Attorney for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and CLARENCE E. McMANUS.
GOTHARD, Judge.
In this workers' compensation case, claimant, Marco Sperandeo, appeals from a judgment granting the exception of prescription raised by defendant, Sydran Food Services II, L.P. ("Sydran"). For the following reasons, we affirm.
Sydran is the owner of Burger King franchises in this area. Plaintiff was employed by Sydran as a system support specialist. The evidence adduced at trial established that plaintiff was injured on September 15, 1998, when a light fixture and a portion of the ceiling fell on him, while he was working at a Burger King restaurant. Plaintiff stated that he was struck in the head, neck and shoulders. He was temporarily disoriented and nearly unconscious, and he suffered a cut on his neck. At that time, he did not know that he had suffered serious injury. Plaintiff initially reported that the accident occurred, but did not report any injury as a result.
Plaintiff began to miss work, starting on October 9, 1998. On October 13, 1998, plaintiff had a meeting with supervisor William McMillan, at which time a reprimand was written for plaintiffs absences and other issues. Plaintiff told Mr. McMillan about the accident, but again failed to relate that he had been injured. Mr. McMillan testified at the hearing that plaintiff requested vacation time, stating personal problems with his wife as the reason.
Mr. McMillan called plaintiff after plaintiff did not report for work on October 26, 1998, and plaintiff said he had not gone to work and could not work because he had injured his back while working on his property over the weekend. He further *726 stated that his wife was having surgery and that he would request a leave of absence for personal reasons. Mr. McMillan testified at trial that plaintiff specifically told him that the injury was not related to the September 15th accident. He further testified that he did not become aware that plaintiff said he was injured during the accident until the workers' compensation claim was filed.
Plaintiff first sought treatment from Dr. Daniel Gallagher on October 22, 1998, at which time Dr. Gallagher diagnosed degenerative disc disease in the cervical spine. Plaintiff did not relate to Dr. Gallagher that he had been involved in a work accident at that time.
Shortly after Mr. Sperandeo began treatment with Dr. Gallagher, on November 5, 1998, he filed for short term disability with his insurance carrier. In the application, plaintiff specifically denied that his condition was related to a work related accident.
While under Dr. Gallagher's care, Mr. Sperandeo began treatment with Crescent City Physical Therapy on December 3, 1998. Treatment notes state that Mr. Sperandeo told the therapist that he had been injured when the ceiling fell on his neck. At trial, plaintiff testified that he made the connection between his work accident and his back condition at that time.
During the time after the accident, due to clerical error, plaintiff also continued to receive his regular paychecks. Plaintiffs last paycheck was issued on January 20, 1999, and he received it on January 27, 1999. Plaintiff also received a disability check on January 14, 1999. Plaintiff was later required to reimburse Sydran for overpayment.
Dr. Gallagher's testimony was introduced at trial by deposition. He testified that plaintiff did not initially tell him that he had been injured in a work related accident. From the time of his initial visit, Mr. Sperandeo continued to see Dr. Gallagher every three to six weeks, and he continued to suffer from chronic pain. On March 17, 1999, Sperandeo related to Dr. Gallagher that work-type activities aggravated his spine. On July 12, 1999, Sperandeo told Dr. Gallagher that he slipped and fell. His condition was essentially unchanged at that time, and thus the option of surgery was discussed. On November 30, 1999, plaintiff underwent a two level diskectomy.
Shortly after the surgery, Mr. Sperandeo informed Dr. Gallagher that he had been hit when the ceiling fell on September 15, 1998. On December 10, 1999, Dr. Gallagher wrote a letter on behalf of Mr. Sperandeo, in which he opined that the plaintiffs spinal condition and need for surgery were related to the September 15, 1998 accident, which caused his asymptomatic back condition to become symptomatic.
At trial, Mr. Sperandeo testified that he did not initially tell defendant that he was injured as a result of the work related accident because he feared he would lose his job. He admitted, however, that he had not been told by anyone that this would occur.
Mr. Sperandeo filed a claim for workers' compensation benefits, which was received by the Office of Workers' Compensation on February 8, 2000, more than one year after the accident and more than one year after receiving his last regular paycheck. Mr. Sperandeo alleges that as a result of the accident, he suffered injury to his head, back, neck, and shoulders, and aggravated a pre-existing asymptomatic back condition which has caused him to be totally disabled.
*727 In this appeal, the plaintiff argues that the workers' compensation judge "committed clear error by ignoring the corrected diagnosis of the treating physician dated December 10, 1999." Plaintiff contends it was on that date that his treating physician determined that his injury was work related, and therefore prescription did not begin to run until that time.
Under La. R.S. 23:1209(A), a workers' compensation claim is barred unless asserted either one year from the date of the accident or one year from the time the injury develops, when the injury does not result at the time of the accident or does not develop immediately after the accident. In such cases, the claim is forever barred unless instituted within two years of the accident. Blanchard v. Tulane Medical Center, 97-1111 (La.App. 5 Cir. 3/11/98), 708 So.2d 1232.
The party pleading prescription generally bears the burden of proving it. However, when a suit has prescribed on its face, the claimant has the burden of proving that prescription was interrupted in some manner. Blanchard, supra.
Plaintiff here contends that prescription did not run until he was informed by Dr. Gallagher on December 10, 1999, that his back condition was caused by the accident. Therefore, he argues, prescription did not begin to accrue until that time and his claim for workers' compensation is timely.
"Development of the injury" actually means development of disability, and disability marks the time from which the employee can no longer perform the duties of his employment in a satisfactory manner. Sevin v. Schwegmann Giant Supermarkets, 94-1859 (La.4/10/95), 652 So.2d 1323. In this case, Mr. Sperandeo was unable to perform his duties almost immediately after the accident, and within two months had completely ceased working. Accordingly, at that time his injury was sufficiently developed to start the running of prescription.
Even though the disability may be apparent, prescription does not usually start to run where the cause of action is not known or reasonably knowable by the plaintiff. Stevens v. Wal-Mart Stores, Inc., 27,977 (La.App. 2 Cir. 11/1/95), 663 So.2d 543. In the context of workers' compensation, this means that prescription will not begin to run until the claimant is aware, or should have been aware, that the injury and its resultant disability are work-related. Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La.1978); Stevens, supra.
The trial court found that plaintiff failed to rebut prescription. It is well settled that a hearing officer's findings are given great deference and will not be set aside by an appellate court absent a finding of "manifest error" or unless they are "clearly wrong." Brown v. Caddo Career Center, 28,111 (La.App. 2 Cir. 2/28/96), 669 So.2d 712, writ denied, 96-1042 (La.5/31/96), 674 So.2d 262, citing Rosell v. ESCO, 549 So.2d 840 (La.1989).
Here, plaintiff admitted that he knew his injury and its resultant disability were caused by the accident, at the latest by December of 1998, when he reported that his back injury was caused by the falling ceiling to his physical therapist.
Prescription can also be interrupted by the payment of wages in lieu of compensation when suit is filed within one year of such payments. Blanchard v. Tulane Medical Center, supra. Mr. Sperandeo's last paycheck was issued on January 20, 1999, and he received it on January 27, 1999, more than one year prior to the filing of the claim for workers' compensation.
The workers' compensation judge found that plaintiff's claim, filed on February 8, 2000, had prescribed. We find no manifest *728 error in that conclusion. We therefore affirm the decision of the workers' compensation judge which granted defendant's exception of prescription.
AFFIRMED.