886 So.2d 603 (2004)
Cornelius JACKSON, Plaintiff-Appellant
v.
GENERAL MOTORS TRUCK PLANT, Defendant-Appellee.
No. 38,987-WCA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 2004.
Samuel H. Thomas, Tallulah, for Appellant.
Lunn, Irion, Salley, Carlisle, & Gardner, by J. Martin Lattier, Shreveport, for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
STEWART, J.
Plaintiff, Cornelius Jackson, appeals a summary judgment dismissing his claim for workers' compensation benefits as prescribed. For the following reasons, we affirm the judgment of the Office of Workers' Compensation ("OWC").

FACTS
Mr. Jackson was employed in 1999 by General Motors Corporation ("GM") at the truck assembly plant in Shreveport. According to the disputed claim for compensation form LDOL 1008 filed on April 9, 2001, Mr. Jackson was injured on February 9, 1999, when he either pulled a muscle *604 or dislocated something in his back, neck, or shoulder while using a machine to lift an engine. Mr. Jackson further stated on the LDOL 1008 form that he was not paid any workers' compensation benefits and that he was "denied everything."
Simultaneous to the receipt of Mr. Jackson's disputed claim form, the OWC also received a letter from him indicating his belief that he had previously filed a disputed claim for compensation and requesting that the OWC search its records to find it. No copy of the earlier filed claim was attached to the letter or included in the record.
Mr. Jackson was unrepresented when he filed the disputed claim form of April 9, 2001. GM answered the claim and denied knowledge that Mr. Jackson was injured in an accident. GM also filed a motion for summary judgment, urging that Mr. Jackson's claim had prescribed.
A workers' compensation judge ("WCJ") took up the matter on March 11, 2002, but neither Mr. Jackson nor any representative on his behalf was present. GM argued that Mr. Jackson failed to file his claim within a year of the February 1999 accident, despite receiving no compensation benefits. The WCJ granted the motion upon finding that Mr. Jackson's claim had prescribed on its face. Judgment dismissing Mr. Jackson's claim with prejudice was signed on March 18, 2000.
Mr. Jackson appealed to this court which rendered judgment on October 23, 2002, reversing the OWC's ruling and remanding the matter for further proceedings. See Cornelius Jackson v. General Motors Truck Plant, 36,479 (La.App.2d Cir.10/23/02), 830 So.2d 426. The decision was based on the lack of evidence indicating that Mr. Jackson received proper notice of the hearing on the motion for summary judgment, the absence of which amounted to a denial of his procedural due process right to be heard.
After remand, the WCJ issued an order re-setting GM's motion for summary judgment for rehearing. Due to continuances, the matter was not heard until January 15, 2004. In the interim, Mr. Jackson retained counsel and made several filings in opposition to the motion for summary judgment. Among the documents produced in opposition to GM's motion for summary judgment were the following:
1. Three explanation of benefits forms regarding payments made by MetLife to Mr. Jackson under a sickness and accident plan. Two of the forms paid benefits for the periods of July 14, 1999 through August 17, 1999, and January 31, 2000 through February 2, 2000. These two forms had the same claim number (XXXXXXXXXXXX) and designated the first date of disability as April 30, 1999. The third form stated a different claim number (XXXXXXXXXXXX), designated the first date of disability as July 26, 1999, and paid benefits in the amount of $46.48 for the period of July 26, 1999 to August 2, 1999. The third form indicates that the payment was adjusted for workers' compensation benefits paid during the same period in the amount of $627.67.
2. A notice from the OWC dated July 14, 1999, requesting that the employee complete form LDOL WC-1025 and return it to the employer or the employer's insurance company. The notice states, "Your workers' compensation benefits may be suspended if you do not timely submit this Certification within 14 days of its receipt." However, neither the employee recipient nor the employer are identified on the form.
3. An OWC form 1007 dated August 10, 1999, completed by GM to report an occupational injury allegedly suffered by *605 Mr. Jackson on July 19, 1999, five months after the injury for which he filed the disputed claim for compensation at issue in this matter.
4. An affidavit by Mr. Jackson attesting to the fact that he was injured on February 9, 1999, and that he received sickness and accident benefits from MetLife as set forth in the aforementioned explanation of benefit forms. Mr. Jackson stated that he filed a workers' compensation claim prior to July 14, 1999, as verified by the OWC notice of July 14, 1999, but he explained that the original disputed claim form was lost or misplaced by the OWC. Finally, he stated that he filed another workers' compensation claim on March 27, 2001, after the benefits he was receiving from MetLife terminated.
At the hearing on the motion for summary judgment on January 15, 2004, Mr. Jackson also introduced numerous exhibits in globo. With a couple of exceptions, the bulk of the exhibits are Mr. Jackson's medical records, which have no bearing on the timeliness of the filing of his claim, and duplicates of documents previously submitted to the court. The exceptions are:
1. An OWC Form 1007 completed by GM reflecting an occupational injury allegedly suffered by Mr. Jackson on April 29, 1999.
2. Various printouts reflecting a payment history of benefits paid to Mr. Jackson under a "CPH UDS Claim" from June 3, 1999 through March 30, 2000, and two additional payments made on December 28, 2000 and December 19, 2001. The record includes no explanation as to the nature of these payments. However, these forms and others indicated the last day worked by Mr. Jackson as being April 29, 1999, the same date as the injury evidenced by the OWC Form 1007 mentioned above. Mr. Jackson alleged that these payments were from MetLife, and the printouts do reflect the payments noted on the three MetLife stubs offered by Mr. Jackson. Moreover, the printouts refer to the same claim number (XXXXXXXXXXXX) and date last worked (April 29, 1999) as on two of the MetLife stubs.
At the conclusion of the hearing, the WCJ granted GM's motion for summary judgment finding that Mr. Jackson's claim was prescribed at the time of filing on April 9, 2001. Judgment was signed on February 9, 2004. Mr. Jackson filed a motion for a new trial claiming that the WCJ failed to consider the evidence submitted at the hearing reflecting the payments made to Mr. Jackson on March 30, 2000, December 12, 2000, and December 19, 2001. At the hearing on the new trial motion, the WCJ stated that the "only conclusion" that could be drawn is that the payments made in 2001 were retirement payments and not workers' compensation benefits. Accordingly, the motion for new trial was denied. The instant appeal followed.

DISCUSSION
On appeal, Mr. Jackson argues that the WCJ erred in granting summary judgment where records submitted in opposition clearly establish that he received checks within the one-year prescriptive period. Mr. Jackson also argues that the record establishes that weekly benefits were paid by MetLife on behalf of GM.
The prescriptive period for workers' compensation claims is set forth in La. R.S. 23:1209(A) as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this *606 Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Thus, under La. R.S. 23:1209(A), claims are barred unless filed: (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment of supplemental earnings benefits; or (3) one year from the time the injury develops if not immediately manifested, but no more than two years after the accident.
The courts have also recognized the applicability of the doctrine of contra non valentem to suspend prescription in workers' compensation cases where the employer pays the injured worker wages in lieu of compensation or otherwise lulls the employee into a false sense of security justifying the employee's delay in filing suit. See Lester v. Rebel Crane & Service Co., 393 So.2d 674 (La.1981), and Nathan v. Carter, 372 So.2d 560 (La.1979).
A party pleading prescription generally has the burden of proving it. Martin v. Comm-Care Corp., 37,600 (La.App.2d Cir.10/16/03), 859 So.2d 217, writ denied, XXXX-XXXX (La.2/6/04), 866 So.2d 225. However, when prescription is evident from the face of the pleadings, the plaintiff bears the burden of showing that the action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
Prescription is an issue that can be asserted in a motion for summary judgment. Patterson v. Weber Marine, 630 So.2d 687 (La.1993). When the moving party will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, the moving party is not required to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. See La. C.C.P. art. 966(C)(2) and Berzas v. OXY USA, Inc. 29,835 (La.App.2d Cir.9/24/97), 699 So.2d 1149. The party opposing summary judgment may not rest on the mere allegations or denials of his pleadings; rather, his response must set forth specific facts showing a genuine issue for trial. If he fails to do so, then summary judgment, if appropriate, shall be granted. See La. C.C.P. art. 967(B).
In the motion for summary judgment, GM contended that Mr. Jackson's claim was prescribed. Mr. Jackson filed suit seeking benefits for an injury that allegedly occurred on or about February 9, 1999. The disputed claim form was filed April 9, 2001, more than two years from the date of the alleged injury. Thus, on its face, Mr. Jackson's claim was prescribed. The burden then shifted to Mr. Jackson to set *607 forth specific facts showing a genuine issue for trial.
In opposing summary judgment, Mr. Jackson offered his affidavit in which he attested that he received "sickness and accident benefits" from MetLife from May 7, 1999, through April 2000. He did not state that the payments were either workers' compensation benefits or wages in lieu of compensation. The exhibits did not include evidence of all payments allegedly received. He offered three MetLife check stubs. The latest stub was for benefits paid for the period of January 31, 2000 through February 4, 2000, pertaining to a benefit start date of May 7, 1999, and the first date of disability as April 30, 1999. Only the stub for benefits paid for the period of July 26, 1999, through August 2, 1999, makes reference to workers' compensation, and this simply indicates that the MetLife payment was adjusted by a workers' compensation payment. We note that this reference indicates a payment of workers' compensation more than one year before the disputed claim was filed. Moreover, the MetLife stub indicates that the benefit start date and the first date of disability for this payment was July 26, 1999. Mr. Jackson also introduced a Form 1007 dated August 10, 1997, and pertaining to a back injury sustained on July 19, 1999.
Upon reviewing the evidence submitted by Mr. Jackson in opposition to summary judgment, we find nothing to indicate that he received any compensation payments for disability that would have interrupted the running of prescription. There is simply no showing that Mr. Jackson ever received compensation payments for total or partial disability related to the February 1999 injury, had a delayed manifestation of his injury, was paid wages in lieu of compensation, or was otherwise lulled into a false sense of security justifying his failure to timely file his claim. Moreover, review of the additional exhibits Mr. Jackson offered at the summary judgment hearing and the evidence submitted with the motion for new trial shows no relation between the alleged injury of February 1999 and the "CPH UDS" benefits or the benefits paid by MetLife. Review of these forms, including the claim numbers thereon and the dates of disability, indicate that these payments were likely related to the injuries sustained by Mr. Jackson in April 1999 and July 1999, both of which are evidenced by an OWC Form 1007.
Finding no link between the evidence offered and the alleged injury of February 1999, we are compelled to conclude that Mr. Jackson has not set forth specific facts showing a genuine issue for trial. The evidence offered does not support his contention that prescription was interrupted. Summary judgment was properly granted.

CONCLUSION
For the above reasons, we hereby affirm the judgment of the OWC. All costs of appeal are assessed to the appellant, Mr. Jackson.
AFFIRMED.