WALTER J. ROTHSCHILD, Judge.
 

 |2In this worker’s compensation case, claimant, Ms. Ray Feyerabend, appeals from the May 12, 2008 judgment of the worker’s compensation judge which granted the Exception of Prescription filed by defendant, Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a/ Boomtown Belle Casino (hereinafter referred to as “Boomtown”) and dismissed claimant’s claim against Boomtown for worker’s compensation indemnity benefits. For the following reasons,.we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Ray Feyerabend was formerly employed by Boomtown. According to Ms. Feyera-bend, she was involved in two work-related accidents during the course of her employment. On February 2, 1998, while working as a cashier on the casino vessel, Ms. Feyerabend tripped while carrying two cans of coins, causing her to suffer injuries primarily to her neck and left arm. The second accident, which is the subject of this worker’s compensation litigation, occurred on February 29, 2000 while Ms. Feyerabend was working as a revenue auditor in the main casino complex. According to Ms. Feyerabend, while she was walking from the casino ^vessel into the main complex building, she slipped and fell on the gangplank “on the strip that separates the foyer from the complex in the doorway.”
 

 After the February 29, 2000 accident, Ms. Feyerabend continued working at Boomtown and performing her regular duties until February 19, 2002. On May 6, 2002, Ms. Feyerabend filed suit against Boomtown in the 24th Judicial District Court asserting that she was employed by Boomtown as a Jones Act seaman and seeking maintenance and cure, as well as damages, for both the February 2, 1998 and February 29, 2000 accidents. Boom-town filed a Motion for Summary Judgment asserting that Ms. Feyerabend was not a Jones Act seaman at the time of the February 29, 2000 accident.
 
 [1]
 
 After a hearing on June 13, 2006, the trial judge granted Boomtown’s Motion for Summary Judg
 
 *230
 
 ment and dismissed Ms. Feyerabend’s claims under the Jones Act for the February 29, 2000 accident.
 

 On June 2, 2006, shortly before Ms. Feyerabend’s Jones Act claims regarding the February 29, 2000 accident were dismissed, Ms. Feyerabend filed a Disputed Claim for Compensation with the Office of Worker’s Compensation seeking benefits for injuries to her head, wrist, hip, and ankle as a result of the February 29, 2000 accident. On February 1, 2008, Boomtown filed an Exception of Prescription, arguing that Ms. Feyerabend’s claim for worker’s compensation benefits had prescribed and should be dismissed. After a hearing on March 3, 2008, the worker’s compensation judge took the matter under advisement. On May 12, 2008, the worker’s compensation judge rendered a judgment in favor of Boomtown, granting its Exception of Prescription and dismissing Ms. Feyerabend’s claim for worker’s compensation indemnity benefits based on a finding that: 1) Ms. Feyerabend did not file her claim for worker’s compensation benefits timely; and 2) Ms. Feyerabend did not meet her burden of proof in ^establishing that an interruption of prescription existed regarding her entitlement to indemnity benefits. It is from this judgment that Ms. Feyera-bend appeals.
 

 LAW AND DISCUSSION
 

 On appeal, Ms. Feyerabend argues that the worker’s compensation judge erred in finding 1) that her worker’s compensation benefits were not timely filed; and 2) that she did not meet her burden of proof in establishing that an interruption of prescription existed as to her entitlement to indemnity benefits. Boomtown responds that the worker’s compensation judge correctly concluded that Ms. Feyerabend did not timely file her claim and that she did not meet her burden of proof in establishing that an interruption to the running of prescription occurred.
 

 LSA-R.S. 23:1209(A) provides:
 

 A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
 

 Thus, under LSA-R.S. 23:1209(A), worker’s compensation claims are barred unless filed: 1) within one year from the date of the accident; 2) one year from the last compensation payment for total disability or three years from the last payment of supplemental earnings benefits; or 3) one year from the time the injury develops if not immediately manifested, but no more than two years after the | ¿accident.
 
 Jackson v. General Motors Truck Plant,
 
 38, 987, p. 5 (La.App. 2 Cir. 10/27/04), 886 So.2d 603, 606.
 

 
 *231
 
 The party pleading prescription generally has the burden of proving it.
 
 Frazier v. Deltide Fishing and Rental Tool, Inc.,
 
 03-53, p. 5 (La.App. 5 Cir. 5/28/03), 848 So.2d 143, 146. However, when prescription is evident from the face of the pleadings, the claimant bears the burden of showing that the action has not prescribed.
 
 Id.
 
 Accordingly, the claimant must prove that prescription was interrupted, suspended, or renounced.
 
 Bracken v. Payne and Keller Co., Inc.,
 
 06-865, p. 6 (La.App. 1 Cir. 9/5/07), 970 So.2d 582, 588.
 

 The accident at issue here occurred on February 29, 2000. Ms. Feyerabend did not file her Disputed Claim for Compensation until June 2, 2006. She did not receive disability or weekly indemnity benefits within the prescriptive period after the accident. Therefore, pursuant to LSA-R.S. 23:1209, Ms. Feyerabend’s claim for indemnity benefits had prescribed on its face, and it was Ms. Feyerabend’s burden to prove that prescription was interrupted, suspended, or renounced.
 

 Ms. Feyerabend claims that after the February 29, 2000 accident, Boomtown treated her claim as a Jones Act claim which lulled her into a false sense of security regarding her benefits. She asserts that it was actually Boomtown that was unable to determine if this case was a Jones Act ease or a state worker’s compensation ease, so she should not be penalized for Boomtown’s mistake.
 

 The record contains a June 6, 2001 letter from Boomtown’s risk manager, Larry Bordelon, to a worker’s compensation claims coordinator, Felicia Saunders, indicating that the February 29, 2000 incident was being referred to Ms. Saunders because it had been determined that any claims arising from this incident would be for worker’s compensation, not a Jones Act claim. Thereafter, Ms. Saunders sent a letter to Ms. Feyerabend dated June 28, 2001, informing her that it had been 1 (¡determined that her accident would fall under state worker’s compensation jurisdiction. The record also contains a July 17, 2001 letter from Ms. Saunders to Ms. Feyerabend indicating that her claim for worker’s compensation benefits had been denied, because: 1) the claim was filed untimely; and 2) jurisdiction. After receiving these letters, it was not until May 6, 2002 that Ms. Feyerabend filed a lawsuit pursuant to the Jones Act. She did not file her Disputed Claim for Compensation with the Office of Worker’s Compensation until June 2, 2006.
 

 In order for a claimant to prove that her tardiness in filing a worker’s compensation claim was due to being lulled into a false sense of security by the employer, a worker’s compensation claimant must show that words, actions, or inactions on the part of the employer caused her forbearance.
 
 Williams v. William Wrigley, Jr. Co.,
 
 94-370, p. 4 (La.App. 5 Cir. 11/16/94), 646 So.2d 1092, 1094,
 
 writ denied,
 
 95-373 (La.4/7/95), 652 So.2d 1346.
 

 The record does not show that Boom-town lulled Ms. Feyerabend into a false sense of security regarding the payment of benefits. No weekly indemnity, supplemental earnings, or other compensation benefits were paid to Ms. Feyerabend within one year or even two years after ■ the accident. Further, there was no language in the letters from Ms. Saunders to Ms. Feyerabend that would constitute lulling. Ms. Saunders’ indication that the February 29, 2000 accident would fall under worker’s compensation jurisdiction did not suggest that Ms. Feyerabend would be paid any benefits. Ms. Feyerabend argues that Ms. Saunders’ July 17, 2001 letter indicating that her worker’s compensation claims were denied because they were untimely and due to jurisdiction gave her no
 
 *232
 
 choice but to file suit under the Jones Act. However, this denial of her claims for worker’s compensation benefits certainly could not have lulled her into any sense of security.
 

 See
 
 Causby v. Perque Floor Covering,
 
 97-1235, p. 10 (La.1/21/98), 707 So.2d 23, 28, wherein the Louisiana Supreme Court held that a worker’s compensation claimant’s reliance on an assertion by the employer’s claims adjuster that claimant was not entitled to further benefits did not lull the claimant into a false sense of security or prevent the claimant from timely filing his claim.
 

 Ms. Feyerabend further contends that she was lulled into a false sense of security regarding her benefits because maintenance payments were made to her under the Jones Act. However, the record shows that Boomtown did not make maintenance payments to Ms. Feyerabend until October 2002, which was after her worker’s compensation claims had prescribed. Thus, these maintenance payments could not interrupt prescription which had already run.
 

 It is well settled that a worker’s compensation judge’s findings are given great deference and will not be set aside by an appellate court absent a finding of manifest error or unless they are clearly wrong.
 
 Sperandeo v. Sydran Food Services, II, L.P.,
 
 01-675 (La.App. 5 Cir. 12/12/01), 806 So.2d 724, 727. After reviewing the record before us, along with the applicable law, we find no error in the worker’s compensation judge’s determination that Ms. Feyer-abend did not meet her burden of establishing that prescription was interrupted due to being lulled into a false sense of security regarding payment of benefits by Boomtown.
 

 On appeal, Ms. Feyerabend also asserts that following the February 29, 2000 accident, she received unearned wages in lieu of compensation, which interrupted prescription. She contends that she was paid wages for time she was not at work, particularly for time missed while attending doctor’s appointments.
 

 The payment to a claimant of wages in lieu of compensation interrupts prescription.
 
 Bledsoe v. Willowdale Country Club,
 
 94-234, p. 3 (La.App. 5 Cir. 9/27/94), 643 So.2d 1302, 1304. “Wages in lieu of compensation” are defined as | ^unearned wages paid to an employee after an injury, and thus if the employee actually earns the wages paid to her, they are not “wages in lieu of compensation” and do not interrupt prescription for worker’s compensation claims.
 
 Krieg v. Krieg Bros. Terrazzo Co., Inc.,
 
 93-1065, p. 3 (La.App. 3 Cir. 9/28/94), 645 So.2d 661, 664,
 
 unit denied,
 
 95-152 (La.3/30/95), 651 So.2d 837.
 

 In her deposition, Ms. Feyerabend testified that after the accident, she continued to work and perform her regular duties as a revenue auditor at Boomtown until February 19, 2002. She stated that no one helped her to perform her duties and no accommodations were made for her. She stated that she even worked some overtime hours after the accident. As she continued to work after the accident, she earned her wages and did not receive weekly indemnity benefits or compensation until she began receiving maintenance payments under the Jones Act in October 2002.
 

 The record does show that Ms. Feyera-bend was paid for some time that she was not at work. However, this time was intermittent short periods of time primarily to seek medical treatment, often just a few hours at a time. The vast majority of her wages were earned. Lynn Belteau, a payroll supervisor at Boomtown, testified in his deposition that he believed it was
 
 *233
 
 Boomtown’s policy not to pay an employee for time off to seek medical treatment. Rather, the employee would have to use his or her “paid time off.” However, the employee could ask for the time off and his or her supervisor could decide on a case by case basis whether or not to pay the employee for that time.
 

 Ms. Feyerabend did show that she received wages for some time that she was not at work due primarily to medical treatment. However, she did not establish that she was entitled to worker’s compensation benefits at this time. Therefore, she did not show that the wages she received for the time she was not at|3work were in lieu of compensation. In
 
 Love v. East Jefferson General Hospital,
 
 96-1558, p. 6 (La.App. 1 Cir. 5/9/97), 693 So.2d 1245, 1248, the First Circuit held that the fact that an employer allowed a worker’s compensation claimant to receive treatment for her injury while she was “on company time” was insufficient to support a finding that wages paid to her after the accident were in lieu of compensation benefits, so as to interrupt prescription. In
 
 Keller v. Marathon Oil Co.,
 
 613 So.2d 795, 797 (La.App. 5 Cir.1993), this Court stated that continued wage payments do not interrupt prescription unless they are specifically made in lieu of worker’s compensation benefits.
 

 After reviewing the entire record, along with the exhibits and the applicable law, we find no error in the trial court’s determination that Ms. Feyerabend did not meet her burden of proving that she received wages in lieu of compensation or that an interruption of prescription occurred. Accordingly, we cannot say that the worker’s compensation judge erred in granting Boomtown’s Exception of Prescription and dismissing Ms. Feyerabend’s claim for worker’s compensation indemnity benefits.
 

 DECREE
 

 For the foregoing reasons, we affirm the May 12, 2008 judgment of the worker’s compensation court, granting Boomtown’s Exception of Prescription and dismissing the claim for worker’s compensation indemnity benefits filed by claimant, Ray Feyerabend.
 

 AFFIRMED.
 

 [1]
 

 . Boomtown also filed an Exception of Prescription regarding the February 2, 1998 accident, which was granted by the trial judge. However, claims regarding the February 2, 1998 accident are not at issue in this appeal.