WALTER J. ROTHSCHILD, Judge.
 

 |2In this worker’s compensation case, claimant, Paula A. Roussell, appeals from the December 21, 2009 judgment of the worker’s compensation judge which granted the Exception of Prescription filed by defendants, V.J. Rollo Security Service Inc. (“V.J. Rollo”) and Louisiana Workers’ Compensation Corporation (“LWCC”), and dismissed her claims with prejudice. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Paula Roussell contends that on August 31, 2002, while in the course and scope of her employment with V.J. Rollo, she suffered injuries to her back and legs while closing a gate at the chemical plant where she was working. Following this incident, Ms. Roussell was provided with medical and indemnity benefits from LWCC on behalf of its insured, V.J. Rollo. However, LWCC did not make any indemnity payments to Ms. Roussell or pay any medical payments on her behalf after 2003.
 

 |sOn August 12, 2009, Ms. Roussell filed a Disputed Claim for Compensation with the Office of Worker’s Compensation asserting that she suffered a work-related accident and was entitled to worker’s compensation benefits, but her wage benefits had been terminated, medical treatment had not been authorized, and that she had been totally disabled since 2005. On November 20, 2009, V.J. Rollo filed an Exception of Prescription, arguing that Ms. Roussell’s claim for worker’s compensation benefits had prescribed and should be dismissed. A hearing was held before the worker’s compensation judge on December 21, 2009. After hearing argument from Ms. Roussell, in proper person, and counsel for V.J. Rollo and LWCC, as well as testimony from Lisa Robbins, the LWCC claims representative assigned to Ms. Roussell’s claim, the worker’s compensa
 
 *902
 
 tion judge granted the Exception of Prescription and dismissed Ms. Roussell’s claims with prejudice. It is from this judgment that Ms. Roussell appeals.
 

 LAW AND DISCUSSION
 

 On appeal, Ms. Roussell asserts that the worker’s compensation judge erred in granting defendants’ Exception of Prescription and dismissing her claims, arguing that her claims were timely filed or that prescription was interrupted or suspended under the doctrine of
 
 contra non valentum.
 
 V.J. Rollo and LWCC respond that Ms. Roussell’s claims were filed over six years after the last payment of benefits was made and thus, her claims are clearly prescribed.
 

 The prescriptive period for a claim for worker’s compensation indemnity benefits is set forth in LSA-R.S. 23:1209(A) as follows:
 

 (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties Rhave agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
 

 (2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
 

 (3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
 

 Thus, under LSA-R.S. 23:1209(A), worker’s compensation claims for indemnity benefits are barred unless filed: 1) within one year from the date of the accident; 2) one year from the last compensation payment for total disability or three years from the last payment of supplemental earnings benefits; or 3) one year from the time the injury develops if not immediately manifested, but no more than two years after the accident.
 
 Feyerabend v. Boomtown Casino,
 
 08-807, p. 4 (La.App. 5 Cir. 2/25/09), 9 So.3d 228, 230;
 
 Jackson v. General Motors Truck Plant,
 
 38,987, p. 5 (La.App. 2 Cir. 10/27/04), 886 So.2d 603, 606.
 

 The prescriptive period for a claim for worker’s compensation medical benefits is set forth in LSA-R.S. 23:1209(0 as follows:
 

 All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
 

 | ¿Thus, under La. R.S. 23:1209(0, when medical payments have been made after an accident, the claim for medical benefits prescribes three years from the date of the last payment of medical benefits.
 
 TIG Ins. Co. v. Louisiana Workers’ Compensation Corp.,
 
 09-330, p. 5 (La.App. 1 Cir. 9/11/09), 22 So.3d 981, 985.
 

 
 *903
 
 The party pleading prescription generally has the burden of proving it.
 
 Frazier v. Deltide Fishing and Rental Tool, Inc.,
 
 03-53, p. 5 (La.App. 5 Cir. 5/28/ 03), 848 So.2d 143, 146. However, when prescription is evident from the face of the pleadings, the claimant bears the burden of showing that the action has not prescribed.
 
 Id.
 
 Accordingly, the claimant must prove that prescription was interrupted, suspended, or renounced.
 
 Bracken v. Payne and Keller Co., Inc.,
 
 06-865, p. 6 (La.App. 1 Cir. 9/5/07), 970 So.2d 582, 588.
 

 The accident at issue here occurred on August 31, 2002. Ms. Roussell did not file a claim for compensation until August 12, 2009. The parties do not dispute that indemnity and medical benefits were paid after the accident. However, at the hearing on this matter, Lisa Robbins testified that the last payment of medical benefits on Ms. Roussell’s claim was made on May 28, 2003, and the last payment of indemnity benefits was also made in 2003. LWCC’s claims payment report was admitted into evidence in support of defendants’ assertion that no medical or indemnity benefits were paid after 2003.
 

 At the hearing on this matter, the worker’s compensation judge asked Ms. Rous-sell if she had proof of any worker’s compensation payments made to her or any healthcare provider within the past three years. Ms. Roussell | ^replied that she did not. She stated that she paid all of her own medical expenses from 2005 through 2009. Ms. Roussell further admitted that LWCC did not pay any medical expenses since 2003.
 

 Based on LSA-R.S. 23:1209(A) and (C), when Ms. Roussell filed her Disputed Claim for Compensation on August 12, 2009, her claim for worker’s compensation benefits was prescribed on its face. Thus, it was Ms. Roussell’s burden to show that prescription was interrupted, suspended, or renounced.
 

 Ms. Roussell contends that her claims have not prescribed based on the doctrine of
 
 contra non valentum. Contra non valentum
 
 is a judicially created exception to the running of liberative prescription.
 
 Derrick v. Yamaha Power Sports of New Orleans,
 
 03-184 (La.App. 5 Cir. 6/19/03), 850 So.2d 829, 832. The four recognized situations where the doctrine applies to prevent the running of prescription are:
 

 (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
 

 (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
 

 (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
 

 (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
 
 Id.; Hebert v. Shelton,
 
 08-1275, p. 11 (La.App. 3 Cir. 6/3/09), 11 So.3d 1197, 1206.
 

 |7The evidence before us does not show that any of the situations to which
 
 contra non valentum
 
 applies were present in this case.
 

 Ms. Roussell asserts that prescription was suspended, because her employer lulled her into a false sense of security by promising to take care of her. In order for a claimant to prove that her tardiness in filing a worker’s compensation claim was due to being lulled into a false sense of security by the employer, a worker’s compensation claimant must show that words/actions, or inactions on the part of
 
 *904
 
 the employer caused her forbearance.
 
 Feyerabend,
 
 08-807 at 6, 9 So.3d at 231;
 
 Williams v. William Wrigley, Jr. Co.,
 
 94-370, p. 4 (La.App. 5 Cir. 11/16/94), 646 So.2d 1092, 1094,
 
 writ denied,
 
 95-373 (La.4/7/95), 652 So.2d 1346.
 

 The record does not show that V. J. Rollo lulled Ms. Roussell into a false sense of security regarding the payment of worker’s compensation benefits. No payments were made to Ms. Roussell or any of her healthcare providers after 2003. At the hearing in this matter, Ms. Roussell admitted that after 2003, Ms. Robbins would not pay her or approve any treatments for her. She presented no other evidence to demonstrate that Ms. Robbins or anyone at V.J. Rollo promised to pay for any medical expenses or other benefits after 2003.
 

 Ms. Roussell further claims that she has the right to seek modification of a compensation award on the grounds of a change in condition, pursuant to LSA-R.S. 23:1310.8(B). However, there is no previous award of compensation benefits to Ms. Roussell by a worker’s compensation court, so there is no previous award subject to modification. Accordingly, LSA-R.S. 23:1310.8(B) does not apply in this case.
 

 | /The findings of a worker’s compensation judge are given great deference and will not be set aside by an appellate court absent a finding of manifest error or unless they are clearly wrong.
 
 Sperandeo v. Sydran Food Services, II, L.P.,
 
 01-675 (La.App. 5 Cir. 12/12/01), 806 So.2d 724, 727. After reviewing the record before us, along with the applicable law, we find no error in the worker’s compensation judge’s determination that Ms. Roussell did not meet her burden of establishing that prescription was interrupted or suspended. The record before us clearly demonstrates that Ms. Roussell’s claim for worker’s compensation benefits was prescribed when she filed her Disputed Claim for Compensation. Thus, Ms. Roussell’s claims on appeal are without merit.
 

 DECREE
 

 For the foregoing reasons, we affirm the worker’s compensation judge’s December 21, 2009 judgment granting defendants’ Exception of Prescription and dismissing Ms. Roussell’s claims against them.
 

 AFFIRMED.