WALTER J. ROTHSCHILD, Judge.
Un this workers’ compensation proceeding, the claimant, Mike Flach, appeals the judgment granting the exception of prescription filed by his employer, Diebold, Inc. (“Diebold”). For the reasons that follow, we affirm.

FACTS

Mr. Flach contends that on November 5, 2002, he was injured while attempting to repair a night drop box while in the course and scope of his employment with Diebold. On June 21, 2006, he filed a disputed claim for compensation against Diebold. On this form, Mr. Flach alleged that no wage benefits have been paid, his disability status was disputed, and he was entitled to penalties and attorneys’ fees, as well as permanent partial disability (PPD) payments for scarring and disfigurement. On September 25, 2006, claimant filed a supplemental petition alleging he was entitled to medical benefits, vocational rehabilitation, “workers’ compensation indemnity benefits,” interest, and costs.
Diebold filed an exception of prescription asserting that Mr. Flach’s claim was prescribed, because it was not filed within one year of the alleged accident. Mr. Flach opposed the exception, asserting that his claim was timely filed because |sDiebold had paid him wages in lieu of compensation at various times after the accident and, thus, prescription was interrupted.
The exception of prescription came before the court for hearing on March 7, 2007. At the hearing, Mr. Flach testified that he was injured at work on November 5, 2002 while repairing a night drop box. He saw his doctor for the injuries and was diagnosed as having sustained a hernia. He underwent surgery on March 13, 2008. After approximately four weeks of recovery, he returned to work on April 11, 2008. During that time he was paid 100% of his salary, explaining that this pay was “coded” by Diebold as “industrial injury” pay. Following the hernia surgery, he continued to have pain. Over the next 22 months he missed work on various occasions to go to doctor visits and to receive other treatment for the hernia. His employer paid him 100% of his salary for the days that he missed work and for the days that he worked only part of the day. Mr. Flach explained that this pay was also classified as “industrial injury” pay by Diebold. Mr. Flach testified that on February 13, 2006, he had a second surgery for the hernia. Following the second surgery, he was paid 100% of his salary for three months. Mr. Flach explained that he was not given a choice as to how he was paid, so he did not choose to be paid under Diebold’s salary continuation plan. Rather, Diebold just “automatically” started paying him. He admitted that he was aware that he was not receiving a check for worker’s compensation and that Diebold informed him that told him that “workmen’s comp refused to pay” him.
On May 9, 2007, the trial judge held a proceeding with attorneys for both parties present, rendered her judgment in open court, and stated her reasons for judgment. The trial court ruled that when Mr. Flach was unable to work from March 13, 2003 until April 11, 2003, he should have been paid wage benefits in the form of temporary total disability (TTD), but instead, he was paid under a Lsalary continuation plan, which covers accidents that are not work-related. The trial judge found that these payments were wages in *691 lieu of compensation. Accordingly, the trial court found that pursuant to La. R.S. 23:1209, Mr. Flach had to file his claim within one year of the discontinuation of the payment of wages in lieu of compensation, which was by April 11, 2004. The court held that Mr. Flach’s claim for benefits for total temporary disability (TTD), permanent partial disability (PPD) and permanent total disability (PTD) had prescribed. The court specifically held that the payments which Mr. Flach received for the sporadic days of work missed after April 11, 2003 did not constitute wages in lieu of compensation. The trial court denied the exception of prescription as it related to his claim for supplemental earnings benefits (SEB). A written judgment was signed on May 9, 2007.
Mr. Flach appealed this ruling. However, this Court dismissed the appeal and remanded the case to the trial court, stating that the judgment does not dispose of all of the workers’ compensation claims, specifically that the trial judge “did not determine whether there was a work-related injury; the amount of compensation owed, if any; entitlement to attorney’s fees; entitlement to medical expenses; and entitlement to rehabilitation.” Flach v. Diebold, Inc., 07-576 (La.App. 5 Cir. 11/7/07), 973 So.2d 1, 2.
According to the record on appeal, the case was eventually set for trial on May 17, 2011. The record does not contain a transcript of the proceedings on May 17, 2011. However, on September 21, 2011, the trial judge rendered judgment finding as follows:
(1) Claimant suffered an accident while in the course and scope of his employment at Diebold on November 5, 2002;
|s(2) As a result of this accident, claimant suffered an injury which required medical treatment and claimant is entitled to all reasonable and necessary medical treatment;
(3) Claimant suffered the loss of a testicle in April 2006 as a result of the accident and injury he sustained while working for Diebold;
(4) The “issue regarding entitlement to indemnity benefits was previously decided by this court and is the law of this case;”
(5) Claimant is not entitled to attorneys’ fees and/or penalties; and
(6) “the current Disputed Claim for Compensation be and [is] hereby dismissed with prejudice.”
Mr. Flach appeals the trial court judgment granting the exception of prescription filed by Diebold.

LAW AND DISCUSSION

On appeal, Mr. Flach contends that the trial court erred in granting Diebold’s exception of prescription. He admits that no indemnity benefits were paid to him and that his disputed claim for compensation is prescribed on its face since the accident occurred on November 5, 2002 and his disputed claim was not filed until June 2006. However, he claims that prescription was interrupted during this time and that he has met his burden of proving that his claim was timely filed due to this interruption of prescription.
Mr. Flach notes that LSA-R.S. 23:1209(A) provides that when wages are paid in lieu of compensation, a claim for indemnity benefits may be made within one year from the last date that such wages in lieu of compensation were paid. He claims that he was paid his full wages while he was unable to work from March 13, 2003 to April 11, 2003, and when he missed work on various dates from 2003 to 2006. He argues that the payments he received as “industrial injury pay” from 2003 through 2006 were wages in lieu of *692 compensation that served to interrupt prescription. He asserts that the last payment of wages in lieu of compensation was included in his paycheck for February 9, 2006 to March 3, 2006, and that his [ (¡claim was filed on June 21, 2006, which was within one year of the date he was last paid wages in lieu of compensation. Mr. Flach also contends that these payments lulled him into a false sense of security which caused him to withhold filing suit, and thus, Diebold cannot invoke prescription to defeat his claim for compensation payments.
Diebold responds that Mr. Flach failed to prove that he was entitled to any compensation benefits for the sporadic days of work that he missed over the three year period from April 2003 until February 2006 to attend medical appointments. Die-bold argues that because claimant did not prove entitlement to workers’ compensation for these days, the payments cannot be found to be wages in lieu of compensation.
The prescriptive period for a claim for worker’s compensation indemnity benefits is set forth in LSA-R.S. 23:1209(A) as follows:
(1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
(2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
(3)When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Thus, under LSA-R.S. 23:1209(A), worker’s compensation claims for indemnity benefits are barred unless filed: 1) within one year from the date of the 17accident; 2) one year from the last compensation payment for total disability or three years from the last payment of supplemental earnings benefits; or 3) one year from the time the injury develops if not immediately manifested, but no more than two years after the accident. Feyerabend v. Boomtown Casino, 08-807, pp. 4-5 (La.App. 5 Cir. 2/25/09), 9 So.3d 228, 230.
The party pleading prescription generally has the burden of proving it. Frazier v. Deltide Fishing and Rental Tool, Inc., 03-53 (La.App. 5 Cir. 5/28/03), 848 So.2d 143, 146. However, when prescription is evident from the face of the pleadings, the claimant bears the burden of showing that the action has not prescribed. Id. Accordingly, the claimant must prove that prescription was interrupted, suspended, or renounced. Bracken v. Payne and Keller Co., Inc., 06-865, p. 6 (La.App. 1 Cir. 9/5/07), 970 So.2d 582, 588.
The accident in this case occurred on November 5, 2002, but Mr. Flach did not filed a disputed claim for compensation until June 21, 2006. Thus, because the claim is prescribed on its face, Mr. Flach *693 bears the burden of proving that prescription was interrupted.
At the hearing on prescription, Mr. Flach testified that following his surgery in March 2008, he was out of work for four weeks. He returned to work and continued to work until February 13, 2006 when he had his second surgery. He explained that between April 2008 and February 2006, he missed work at various times to attend doctor appointments and to receive medical treatment. Mr. Flach indicated that he was paid by his employer for these occasional absences. He acknowledged that these payments were not workers’ compensation and specifically testified that he was told by his employer that the workers’ compensation carrier refused to pay him.
|sThe trial judge agreed with Mr. Flach that payments made from March 13, 2003 to April 11, 2003 under the Salary Continuation Plan were wages in lieu of compensation, because Mr. Flach did not work at all during this 4 week period. However, she found that payments made for missed work due to medical appointments or treatments on various dates over the next 3 years, usually 1 or 2 day periods, did not constitute wages in lieu of compensation and interrupt prescription. The trial judge noted that Mr. Flach did not prove entitlement to any worker’s compensation indemnity benefits during that time, particularly because he was still able to work and continued to work.
In order to establish that the wages paid for time missed from work for medical treatment were in lieu of compensation, a claimant has to first establish that he was entitled to compensation at this time. Feyerabend, 08-807 at 8, 9 So.3d at 233. In Love v. East Jefferson General Hospital, 96-1558, p. 6 (La.App. 1 Cir. 5/9/97), 693 So.2d 1245, 1248, the court held that the fact that an employer allowed a claimant to receive treatment for her injury while she was “on company time” was insufficient to support a finding that wages paid these wages were in lieu of compensation benefits, so as to interrupt prescription. Continued wage payments do not interrupt prescription unless they are specifically made in lieu of worker’s compensation benefits. Keller v. Marathon Oil Co., 613 So.2d 795, 797 (La.App. 5 Cir.1993).
In the present case, we agree with the trial judge that Mr. Flach has not shown that he was entitled to compensation when he was paid for occasional absences to seek medical treatment. In order to be entitled to receive temporary total disability (TTD) benefits, Mr. Flach had to show that he was incapable of working for a period of time. Obviously that was not the case, because the testimony indicates that Mr. Flach was able to work from 2003 to 2006 and he |9returned to work shortly after his sporadic doctor visits. Accordingly, we find Mr. Flach’s arguments on this issue to be without merit.
Mr. Flach also contends that because Diebold paid wages to him for times when he missed work, Diebold lulled him into a false sense of security, which prevents an employer from invoking prescription in order to defeat a claim for compensation. He asserts that he had no reason to file suit against Diebold within one year of the accident, because Diebold was paying his medicals and he did not experience any wage loss.
The jurisprudence has recognized an exception of “estoppel” when an employee is lulled into a false sense of security by the employer/insurer and is induced to forgo the filing of the claim until the prescriptive period has expired. Harper v. Horseshoe Casino, 41,470, p. 8 (La.App. 2 Cir. 10/19/06), 942 So.2d 589, 594. In *694 order to prove that tardiness in filing a claim was due to being lulled into a false sense of security, the claimant must show that the employer’s words, actions, or inac-tions induced the claimant to withhold suit. Norman v. Bell South Telecommunications, 04-0797, p. 4 (La.App. 4 Cir. 10/27/04), 888 So.2d 340, 343, writ denied, 04-2915 (La.2/4/05), 893 So.2d 875.
In the present case, the evidence does not show that Diebold took any action or made any statements to Mr. Flach to make him believe that his claim was protected or preserved. The testimony is clear that Mr. Flach knew that the payments he was receiving were not compensation benefits and he admitted that his employer informed him that the worker’s compensation carrier refused to pay him. He pointed to no action or inaction by his employer to show that he was induced to withhold filing suit. Thus, he has not shown that he was lulled into a false sense of security.
|1flFinalIy, Mr. Flach contends that prescription was interrupted based on contra non valentem,[1] because the cause of action was not known or reasonably knowable until one year prior to the filing of his disputed claim. Diebold responds that this argument cannot be addressed because it was not raised in the trial court. Even if this Court addresses the argument, it is without merit.
Mr. Flach contends that he received medical benefits throughout the time at issue and, as a lay person, he would have no reason to know that indemnity benefits would have a separate prescriptive period and that payments of medical benefits would not interrupt prescription. Further, he claims that his claim for permanent partial disability did not accrue until he sustained scarring and disfigurement in his 2006 surgery.
The law provides that payment of medical benefits does not interrupt prescription on a claim for indemnity benefits. Winford v. Conerly Corp., 04-1278, p. 15 (La.3/11/05), 897 So.2d 560, 569; Gilbert v. Willis-Knighton Work Rare Clinic, 43,-320, p. 4 (La.App. 2 Cir. 6/4/08), 986 So.2d 211, 213. Further, the trial judge specifically found that Mr. Flach’s injury was not a “developing injury” under LSA-R.S. 23:1209(A)(3), which allows suit to be filed within one year from the time an injury develops. Even if it had been a “developing injury,” LSA-R.S. 23:1209(A)(3) provides that in all cases the proceedings must have begun within two years of the accident.
The record before us shows that Mr. Flach’s Disputed Claim was prescribed on its face, because it was filed in 2006 and wages in lieu of compensation were not paid after April 2003. Further, Mr. Flach has not shown that Diebold lulled him into a false sense of security, that the doctrine of contra non valentem applies, |nor that prescription was otherwise interrupted or suspended. Accordingly, based on all of the testimony and evidence in the record before us, we find that the exception of prescription was properly granted.

DECREE

For the foregoing reasons, we affirm the trial court judgment granting Diebold’s exception of prescription.

AFFIRMED

GRAVOIS, J., dissents with reasons.

. Contra non valentem, which means that prescription does not run against a person who could not bring his suit, is a jurisprudential doctrine under which prescription may be suspended. Carter v. Haygood, 04-646, p. 11 (La.1/19/05), 892 So.2d 1261, 1268.